IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ARK OF SAFETY APOSTOLIC FAITH | ) | Judge Jacqueline P. Cox |
| TEMPLE, Inc. | ) | |
| | ) | Case No. 09-31025 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Hearing: 5/11/2010 at 10:30 a.m. |

### ~~PROPOSED~~ CONFIRMATION ORDER
*JC*

THIS CAUSE coming on to be heard at the hearing on confirmation of the Debtor's Plan of Reorganization dated February 19, 2010 (the "Plan"), copies of the Plan and Disclosure Statement having been transmitted to creditors and parties in interest; and the Court having determined after notice and a hearing that the Plan satisfies the requirements for confirmation set forth in 11 U.S.C. § 1129,

IT IS HEREBY ORDERED as follows:

1. The Plan is hereby confirmed with the following modification.

**ARTICLE IV, TREATMENT OF CLAIMS NOT IMPAIRED BY THE PLAN**
**Section 4.03** is hereby amended as following:
"Allowed unsecured CLASS I CLAIMS entitled to priority by the Bankruptcy Code, other than the WAGES CLAIM of Contrell Jenkins are unimpaired, and to the extent they are entitled to priority status, they will be paid in full as of the Effective Date. "

**ARTICLE V, TREATMENT OF CLAIMS THAT ARE OR MAY BE IMPAIRED UNDER THE PLAN**
**Section 5.0** is hereby added, entitled **"Class-I"**:
CLASS I CLAIM of Contrell Jenkins for wages. In the interest of promoting and aiding reorganization of the Debtor, Mr. Jenkins has agreed to accept $4,800.00 in full satisfaction of his claim, which will be paid at $100.00 per month during months 1-48 of the Plan.

**Section 5.01** entitled **"Class-II"**, is hereby amended as following
**The CLASS II CLAIMS of J.P. Morgan Chase N.A. ("Chase"),** which the Debtor acknowledges to be valid, allowable and secured by the Debtor's real estate located 5241-49 W 23rd Street, Cicero, IL 60804 (the "Church") pursuant to Mortgage and certain Promissory Note, dated October 26, 20006 ("Mortgage" and "Note"), will be paid during the five years of the Plan pursuant to the following provisions:

i. Debtor will make fixed monthly payments to Chase in the amount of $5,000.00 during each of the first fifty-nine (59) months of the Plan. First payment shall be made within 30 days of Plan Confirmation, and each remaining payment shall be made on or before the 15th day of each succeeding month. Unpaid interest shall be added to the principal balance and shall continue to accrue at 7.290% as set forth in the Note until such time as the entirety of the claim is repaid. Payments will be applied as provided in the Note and Mortgage. Chase shall retain its original lien on the Church. Except as expressly modified by the Plan, terms set forth in the Note and Mortgage, remain in full force and effect.

ii. Debtor shall provide monthly operating reports to Chase in the format of Summary of Cash Disbursements and Receipts required by the U.S. Trustee's office. Such reports, for the preceding month, shall be provided with the payment to Chase. Debtor shall at all times maintain insurance on the property in the amounts and coverages as mandated under Mortgage. Debtor shall change the cancellation language on all insurance policies to state that Chase shall receive notice at least 10 days prior to policy cancellation.

iii. If Debtor fails to make any payment when due, or fails to perform or comply with any other monetary obligation under the Mortgage, Note or the Plan, Debtor shall be granted 5 business days from the notice of default to cure all monetary defaults. Default Notice shall be given by Chase either by facsimile or email to debtor, or to debtor's counsel, and shall be effective upon sending. Chase shall retain all of its rights under the Note, Mortgage and Plan, which it may enforce in accordance with state law. Non monetary default-cure periods shall remain as provided in mortgage. Failure to provide monthly Summary of Cash Disbursements and Receipts shall be deemed a monetary default under the Note, Mortgage and Plan.

iv. Debtor shall obtain refinancing and pay off the balance of the loan plus any remaining arrears on or before the fifth anniversary of the Plan confirmation.

2. A post-confirmation status conference on the Plan is hereby set for __6/22/10__, at __10:30 a.m.__

Dated: 5/11/10

BY THE COURT:

J. Cox    Jacqueline P. Cox

The Honorable Jacqueline P. Cox
United States Bankruptcy Judge

This order was prepared
by Forrest L. Ingram, P.C.